UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| TEAMSTERS LOCAL 251 HEALTH SERVICES AND INSURANCE PLAN and Paul A. MacDonald in his official capacity as Executive Director, Plaintiffs, | : | |
| v. | : | C.A. No. 05-164T |
| PYTKO CONSTRUCTION CORP., Defendant | : | |

DEFENDANT, PYTKO CONSTRUCTION CORP.'S SUPPLEMENTAL PRETRIAL MEMORANDUM

In accordance with this Court's Pretrial Order, Defendant Pytko Construction Corp. ("Pytko") hereby submits its Supplemental Pretrial Memorandum.

A. PARTIES

The plaintiff in this action is Teamsters Local 251 Health Services and Insurance Plan. Upon information and belief, plaintiff's trial counsel is Elizabeth Wiens, Esq. and/or Marc Gursky, Esq.

The defendant in this action is Pytko Construction Corp. Pytko's trial counsel is Roger N. LeBoeuf, Esq.

B. FACTS

Pytko intends to show the following facts at the trial of this matter. Pytko is a Rhode Island corporation with a principal place of business in North Smithfield, Rhode Island. Pytko is primarily a site work contractor that has worked on public and private projects in Rhode Island and Massachusetts. Pytko is a party to a collective bargaining agreement with Teamsters Local 251.

Plaintiff has filed this action against Pytko under the Employee Retirement Income Security Act ("ERISA") 29 U.S.C. § 1001 et. seq. Plaintiff alleges that Pytko is liable to the plaintiff Fund for outstanding contributions. Plaintiff alleged in its Complaint that Pytko failed to make timely contributions to the Fund for the period of March 2004 to the present. Plaintiff has brought this action to recover the alleged outstanding contributions, interest and liquidated damages on the alleged outstanding contributions and costs and attorney's fees pursuant to ERISA.

Pytko does not owe any outstanding contributions to the plaintiff. Almost six months before plaintiff filed this action, on or about December 28, 2004, Pytko paid $6,556.85 in contributions to the plaintiff covering the period from March 2004 through September 2004. On or about March 3, 2006, and notwithstanding that it disputes that it owed this sum, Pytko paid an additional $13,116.00 in contributions to the plaintiff covering the period from October 2004 through November 2005.

The plaintiff cannot demonstrate that Pytko is liable to the plaintiff for any additional contributions. By correspondence to plaintiff's counsel dated December 20, 2005, Pytko (through counsel) provided remittance reports for the period of October 2004 through November 2005 stating that there were no covered hours in any of the months during this period.

After the filing of the initial pretrial memoranda with this Court in February 2006, plaintiffs provided defendant with a spreadsheet of amounts allegedly owed for five (5) Pytko employees. Pytko does not recognize some of the information contained in this spreadsheet and does not understand why plaintiff believes that Pytko is liable for some of the items contained in Plaintiff's spreadsheet. Thus Pytko reserves the right to respond and supplement this memorandum with further evidence after Plaintiff has presented its evidence with respect to these employees.

Furthermore, as Pytko's alleged liability to plaintiffs is an ongoing matter, Pytko reserves the right supplement this memorandum.

C. CLAIMS AND DEFENSES

Pytko disputes plaintiff's claim on the grounds that plaintiff cannot meet its burden of showing that Pytko is liable to the funds for certain outstanding contributions since October 2004. As a result, Pytko also is not liable to the Fund for interest, costs, liquidated damages or attorney's fees.

D. DAMAGES

N/A.

E. ISSUES

1. Whether Pytko is liable to plaintiff for alleged outstanding contributions?

2. Whether Pytko is liable to plaintiff for liquidated damages, interest, costs and attorney's fees for alleged outstanding contributions?

3. Whether Pytko can recover its attorney's fees as the prevailing defendant in this action?

F. <u>ARGUMENTS AND DISCUSSION</u>

The plaintiff must show that Pytko is liable to it for outstanding contributions. Pytko will show at trial that the plaintiff cannot meet its burden. Plaintiff is seeking liquidated damages, interest and attorney's fees pursuant to 29 U.S.C. § 502(g) which states that:

> (2) In any action under this subchapter by a fiduciary for on behalf of a plan to enforce section 1145 of this title <u>in which a judgment in favor of the plan is awarded,</u> the court shall award the plan –
>
> (A) <u>the unpaid contributions</u>
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of
>
> (i) interest on the unpaid contributions, or
> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of <u>the amount determined by the court under sub-paragraph (A)</u>
>
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, . . .

29 U.S.C. § 1145(g)(2).

As set forth above, the emphasis is whether there are unpaid contributions owed to the plaintiff at the time of judgment. The plaintiff cannot recover interest, liquidated damages or attorney's fees if there are no unpaid contributions. e.g. Michigan Carpenters v. C.J. Rogers, Inc., 933 F.2d 376, 388 (6th Cir. 1991) (liquidated damages provision only applies if there were unpaid contributions on date of final judgment).

In this case, the plaintiff cannot sustain its burden of proving that Pytko is liable for contributions. Plaintiff cannot show that Pytko has employed members within the territory of Teamsters Local 251. Throughout this period, Pytko has employed members outside the territory of Teamsters Local 251 and inside affiliated locals' territories. In some cases, the union will include a "traveling contractors" clause in the collective bargaining agreement that specifically makes clear that a contractor such as Pytko remains responsible for contributions to the local union notwithstanding that its members are employed in areas outside of the area covered by the collective bargaining agreement (e.g. see Trustees of the Colorado Tile Marble & Terrazzo Workers Pension Fund v. Willkinson & Co., Inc., Nos. 96-1205, 96-1431, 1998 WL 43172 (10th Cir. 1998 (unpublished); Lenon v. St. Paul Mercury Ins. Co., 136 F.3d 1365, 1368 (10th Cir. 1998).

As the prevailing defendant in this action, Pytko should be awarded its reasonable attorney's fees. Wagoner v. Dallaire, 570 F.Supp. 1168, 1177 (C.D. Cal. 1983) rev'd on other grounds 767 F.2d 589 (9th Cir. 1985) (defendant prevailed in action for delinquent contributions and awarded attorney fees – "[w]henever one is entitled to attorney's fees and costs in an action, the law is pretty clear that the other side is entitled to the same things if the other side is the prevailing party"); James F. Jordan et. al. Handbook On ERISA Litigation, § 7.01[K][4] at 7-30 (2006) ("A prevailing defendant employer in suits

brought against it under ERISA § 515 for delinquent contributions may receive a discretionary award of attorney's fees under § 502(g)(1)") (citations omitted).

G. PENDING MATTERS

Discovery has been completed. Plaintiff has recently requested that Pytko supplement its discovery responses by providing payroll records for the period of March 4, 2006 to date. Pytko is responding to the supplemental request and intends to produce the requested payroll records by November 17, 2006. Pytko is not aware of any other pending matters at this time.

H. ESTIMATED TIME OF TRIAL

Pytko estimates that it should take no longer than two (2) to four (4) hours to present its case. Pytko estimates that this trial can be completed in one (1) to two (2) full days.

PYTKO CONSTRUCTION CORP.
By Its Attorneys,

/s/ Roger N. LeBoeuf

Thomas W. Heald, Reg. # 1694
Roger N. LeBoeuf, Reg. #5208
HEALD & LEBOEUF, LTD.
606 Old Colony House
58 Weybosset Street
Providence, Rhode Island 02903
(401) 421-1500 (telephone)
(401) 331-5886 (facsimile)

Dated: November 3, 2006

CERTIFICATION

I hereby certify that I have mailed a true copy of the within Pretrial Memorandum to Elizabeth Wiens, Esq., Gursky Law Associates, 420 Scrabbletown Road, North Kingstown, RI, 02852, this __ day of ____________, 2006.

______________________________________