**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| TEAMSTERS LOCAL 251 HEALTH SERVICES AND INSURANCE PLAN, and PAUL A. MACDONALD, in his official capacity as Executive Director,<br>Plaintiffs, | : | |
| v. | : | C.A. No. 05-164T |
| PYTKO CONSTRUCTION CORPORATION<br>Defendant. | : | |

**PLAINTIFFS' SECOND PRETRIAL MEMORANDUM**

Plaintiffs Local 251 Health Services and Insurance Plan et. al., by and through their undersigned counsel, submit the following pretrial memorandum:

**A. PARTIES**

Plaintiff Local 251 Health Services and Insurance Plan ("Fund") is a multi-employer benefit plan within the meaning of 29 U.S.C. §§ 1132 and 1145. Plaintiff Paul MacDonald is the Executive Director of the Fund. Plaintiffs' trial counsel are Marc Gursky and Elizabeth Wiens.

Defendant Pytko Construction Corp. is a corporation located in Rhode Island.

**B. FACTS**

Defendant is party to a CBA with Teamsters Local 251 ("Local 251" or "Union") which requires Defendant to comply with the terms of a multi-employer plan ("Plan"). The Plan provides that Defendant shall timely submit remittance reports, shall promptly pay contributions, and shall be subject to penalties and interest when in default. Defendant is habitually delinquent in its obligation to make contributions to the Fund.

For the period of March 2004 through September 2004, Defendant's failed to timely make contributions to the Fund. For the period of October 2004 through the present, Defendant has made no contributions to the Fund despite the fact that it had at least one employee performing covered work within the jurisdiction of Local 251.

**C. CLAIMS AND DEFENSES**

Plaintiffs allege that Defendant owes penalties and interest on contributions paid up to nine months late for the period of March 2004 through September 2004. Plaintiffs also allege that Defendant owes contributions on behalf of any and all Local 251 members performing covered work for Defendant.

Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3), authorizes a civil action to enforce the contribution requirement of Section 515 of ERISA, 29 U.S.C. §1145. Plaintiffs seek to collect unpaid contributions, interest, and penalties, as well as the attorneys' fees and costs expended in prosecuting this action, as authorized under Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2).

**D. DAMAGES**

Plaintiffs are unable, at this point, to determine that exact amount of contributions owes. However, Defendant owes at least $33,604.68. See Summary of Claim, attached. These numbers are based on remittance reports Defendant submitted to the Fund as well as information the Fund received regarding hours worked by members of Local 251 whom Defendant failed to report hours for. There may be other employees or additional hours worked for which Defendant did not contribute.

**E. ISSUES**

1. Does Defendant owe contributions to the Fund on behalf of members of Local 251 who perform work for Defendant in Massachusetts?

2. How many hours of covered work has Defendant failed to submit contributions for?

**F. ARGUMENTS AND DISCUSSION**

1. Defendant owes contributions on behalf of all Local 251 members that perform covered work, regardless of where the work is performed. The CBA provides, "[t]his Agreement shall apply to all highway and heavy construction performed by the Employer." Article II(a). The CBA contains no exception for work performed outside of Rhode Island. As long as the work was performed by one of Defendant's employees, contributions are due.

The Plan's Trustees have consistently interpreted the Plan to require contributions on behalf of all Local 251 members who perform work out of Rhode Island. Defendant's Company is located in North Smithfield, Rhode Island. Accordingly, all work that is performed by Local 251 members is "covered work," regardless of where the work is ultimately performed.

Defendant contends that it paid contributions to Teamsters Local 170 Health and Welfare Fund on behalf of some Local 251 members. However, that Defendant paid contributions to the wrong fund is not a defense to this action. Plaintiff Fund and the Local 170 Fund are separate entities. There is no means by which Plaintiffs can seek reimbursement from the Local 170 Fund. Defendant himself must seek reimbursement.

Moreover, it is Local 251, not Local 170, that must provide its members with benefits whether or not contributions have been made on their behalf.

2. Defendant has not adequately responded to Plaintiffs' discovery; accordingly, at this point, it is not possible to get an accurate accounting of the number of covered hours worked. Defendant has agreed to provide the requested documents to Plaintiffs no later than November 17, 2006.

**G. PENDING MATTERS**

As indicated above, Plaintiffs are still waiting for payroll records from Defendant for the period of March 2006 to the present. Without the records, it is impossible to calculate the amount of hours worked, and thus, the amount of contributions owed.

**H. ESTIMATED TIME OF TRIAL**

Plaintiffs estimate that they will require approximately four hours to present their side of the case.

Respectfully submitted,
On behalf of Plaintiffs,
By their attorney,

/s/ Elizabeth A. Wiens

Elizabeth A. Wiens, Esq.#6827
Gursky Law Associates
420 Scrabbletown Rd., Ste. C
North Kingstown, RI 02852
Tel (401)294-4700
Fax (401)294-4702

CERTIFICATION

I hereby certify that I electronically filed the within Objection on November 6, 2006. The Objection is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the individual below has been effectuated by electronic means.

Roger LeBoeuf, Esq.
Heald & LeBoeuf, LTD
606 Old Colony House
58 Weybosset Street
Providence, RI 02903-2817

/s/ Elizabeth Wiens